**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PALMS PLACE, LLC and PALMS PLACE II, LLC,<br><br>          Plaintiff(s),<br><br>v.<br><br>FRANCES R. PARKTON,<br><br>          Defendant(s). | 2:13-CV-171 JCM (CWH) |

**ORDER**

This matter comes before the court on appeal from the United States Bankruptcy Court for the District of Nevada. Appellants Palms Place, LLC, and Palms Place II, LLC, (collectively "Palms Place") have filed an opening brief (doc. # 8), appellee Francis Parkton ("Parkton") has filed an answering brief (doc. # 10), and Palms Place has filed a reply (doc. # 15).

Also before the court is Palms Place's motion for determination of confession of error. (Doc. # 9). Parkton has not filed a response.

Finally before the court is Palms Place's motion for oral argument. (Doc. # 17). Parkton has not filed a response.

**I.     Background**

This is an appeal of the denial of summary judgment by Palms Place in an adversary proceeding arising out of the underlying Chapter 11 bankruptcy case. The adversary complaint alleges causes of action for violations of federal and state securities laws, common-law fraud,

**James C. Mahan**
**U.S. District Judge**

deceptive trade practices, and violations of Nevada's Condominium and Hotel Act.

On or about June 17, 2005, Parkton signed documents giving her the option to purchase two condominiums from Palms Place. On June 12, 2008, the was finalized and Parkton purchased the two units for a total of $1,335,395.00.

In the underlying complaint, Parkton alleges that over the course of negotiations Palms Place made various fraudulent representations regarding the units' potential for rental revenue, expenses, overhead fees, and other information which induced her to purchase the units. Further, Parkton alleges that the units are actually securities masked as real property, and are in violation of various securities laws.

Palms Place filed a motion for summary judgment, asserting that the statute of limitations for Parkton's claims began running on June 17, 2005, and were therefore time barred. The Honorable Bruce Beesley disagreed, found that the appropriate date was June 12, 2008, denied the motion, and *sua sponte* certified the order for appeal.

## II.    Standard of review

The parties contest the appropriate standard of review. Palms Place asserts that the motion before this court is one for summary judgment, and therefore the standard of review is *de novo*. (Doc. # 8 at p. 14) (citing *Center for Biological Diversity v. Salazar*, 695 F.3d 893 (9th Cir. 2012)). In response, Parkton argues the instant motion is merely a motion for reconsideration masked as one for summary judgment, and that the court should review for abuse of discretion. (Doc. # 10 at p. 8) (citing *Lerner v. Sartori*, 229 F.3d 1158 (9th Cir. 2000)).

Upon review of the briefs, the court concludes that the heart of the parties' dispute concerns a disagreement as to when the statute of limitations began to run, and whether the claims are barred by the statute. "Whether a claim is barred by the applicable statute of limitations is reviewed *de novo*. When the statute of limitations begins to run is a question of law also reviewed *de novo*." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 779-80 (9th Cir. 2002) (internal citations omitted).

Accordingly, the court reviews the matter *de novo*.[1]

## III. Preliminary matters

Palms Place has filed a motion for determination of confession of error (doc. # 9) and motion for oral argument (doc. # 17).

### A. Motion for oral argument

The court has reviewed the briefs and finds oral argument would not aid in the determination of this matter. Accordingly, Palms Place's motion for oral argument is denied. *See* LR 78-2 ("All motions may, in the Court's discretion, be considered with or without a hearing.").

### B. Motion for determination of confession of error

In addition, the court has reviewed Palm Place's motion for determination of confession of error. Palms Place seeks a confession of error based on Parkton's failure to file her answering brief within the requisite time limit as set forth by the court. The docket reflects that the answering brief was filed the same day as Palm Place's motion. The court declines to grant a confession of error and will instead address the appeal on its merits. *See, e.g., Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (cases should be heard on their merits whenever reasonably possible). The motion is denied.

## IV. Discussion

### A. Turnberry/MGM

In July 2004, Parkton purchased two condominium units from Turnberry/MGM Grand Tower, LLC. That project was completed in 2006 and escrow for the sale closed on November 22, 2006. On December 21, 2009, Parkton filed an adversary complaint in bankruptcy court alleging claims against Turnberry/MGM similar to those alleged in the instant suit.

The Honorable Mike Nakagawa held that the statute of limitations for bringing those claims began to run on the date of execution of the PSA–July 20, 2004–and that Parkton's claims were therefore barred by the statute. Parkton appealed the bankruptcy court's order dismissing her

---

[1] The court finds a basis to affirm the decision of the bankruptcy court under both a *de novo* or abuse of discretion standard of review.

**James C. Mahan**
**U.S. District Judge**

- 3 -

complaint, and her appeal was heard in this district by the Honorable Kent Dawson. *See Parkton v. Turnberry / MGM Grand Tower B,* Case No. 2:11-CV-00079-KJD-PAL.

Judge Dawson agreed with the bankruptcy court's finding that the applicable statute of limitations for Parkton's claims alleging that she was fraudulently induced to purchase two Turnberry/MGM condo units commenced on July 20, 2004–the date Parkton executed the PSAs.

In his order, Judge Dawson noted that "because the Turnberry/MGM condominium units' purchase agreements contained language which disclaimed every representation that [Parkton] alleges she relied upon when she made the decision to purchase the units," a reasonable person would have been put on notice at the time the purchase agreements were signed that possible misrepresentations had been made and prior misrepresentations were potentially false. (*Id.*, doc. # 16 at 4) (citing Bk Doc. # 60 at 8-9).

In discussing the bankruptcy court's finding regarding the commencement of the statutes of limitation and repose, Judge Dawson held:

> The Bankruptcy Court correctly applied the standard set forth in *Merck* and other Ninth Circuit precedent in finding that uncontroverted evidence exists that a reasonably diligent plaintiff in Parkton's situation would have discovered the facts constituted the violation when she signed and initialed the PSA with the specific disclaimers noted *supra*. *See Orr*, 285 F.3d at 780. There is no dispute that the PSA contained the language specifically disclaiming any promises not contained in the PSA and that the agreement contained a merger clause. *Campbell v. Upjohn Co.,* 676 F.2d 1122, 1126 (6th Cir. 1982) (plaintiff's injury occurred at the moment he signed a legally enforceable document nullifying the promises he allegedly relied upon); *see also Block v. First Blood Associates*, 988 F.2d 344, 349 (2nd Cir. 1993) (investors had notice that an investment was tax-motivated where the memorandum had "numerous underscored and capitalized warnings that the investment contains a substantial risk of adverse tax consequences"). *See In re Pacific Northwest Storage LLC,* 386 B.R. 764, 773. Parkton herself signed the agreement and initialed each page. (Bankr.W.D.Wash.2007) (parties are charged with knowledge of the documents they sign). Upon de novo review, the Court agrees with the determination of the Bankruptcy Court that the applicable limitations period commenced on July 20, 2004.

*Parkton v. Turnberry / MGM Grand Tower B,* Case No. 2:11-CV-00079-KJD-PAL, at p. 5-6 (D. Nev. Sept. 22, 2011).

1     Judge Dawson affirmed the bankruptcy court's order dismissing the case. While that opinion constitutes persuasive authority, it is not binding on this court.

    *B. Issue preclusion*

    Relying on the courts' decisions in the Turnberry/MGM matter, Palms Place asserts that the doctrine of issue preclusion bars Parkton from arguing the start date for the statutes of limitations and repose is anything other than the day of execution.

    Issue preclusion bars re-litigation of identical issues that have been actually litigated and necessarily decided. *Schoenleber v. Harrah's Laughlin, Inc.*, 423 F. Supp. 2d 1109, 1112 (D. Nev. 2006) (citing *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 330 (9th Cir. 1995)). Under federal law, issue preclusion requires that the issue a party seeks to preclude is (1) identical to the one alleged in the prior litigation, (2) has been actually litigated in the prior litigation, and (3) that the resolution of the issue was a critical and necessary part of the earlier judgment.

    Under Nevada law, issue preclusion requires that: (1) an issue be identical, (2) the initial ruling was final and on the merits, (3) the party against whom judgment is asserted was a party or in privity with a party in the prior case, and (4) the issue was actually and necessarily litigated.

    Parkton "does not dispute that the MGM [d]ate was litigated and decided in Turnberry/MGM, that determining the MGM [d]ate was critical and necessary to the MGM [r]ulings, that the MGM [r]ulings were final and on the merits, or that [p]laintiff was a party in Turnberry/MGM." (Doc. # 10 at p. 9). Parkton does, however, argue that the rulings in the Turnberry/MGM litigation cannot "resolve the Palms [d]ate as a matter of law." (*Id.*).

    The court agrees with Parkton and finds issue preclusion does not apply because the issue is not identical. The two fact patterns are different. Although the waiver language in the two contracts is similar, the properties are different, the defendants are different, the sales and negotiation processes are different, the transactions giving rise to the claims are separate and occurred years apart, and the representations made to plaintiff were arguably different. In short, the fact patterns may be analogous, but they are not sufficiently identical to warrant preclusive effect.

. . .

James C. Mahan
U.S. District Judge

- 5 -

*C. Statutes of limitation and repose*

Palms Place asserts that the statute began to run on June 17, 2005–the day the parties signed the PSA containing the option to buy. Parkton argues that the operative date is June 12, 2008–the day the transaction closed and she obtained the units.

The statute of limitations begins to run "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen,* 106 Nev. 271, 274, 792 P.2d 18 (1990). However, when a plaintiff has not discovered her injury or cause of injury at the time of its occurrence, the statute of limitations is tolled "until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Id.; see Siragusa v. Brown,* 114 Nev. 1384, 1393, 971 P.2d 801 (1998); *Sorenson v. Pavlikowski,* 94 Nev. 440, 443-44, 581 P.2d 851 (1978).

Whether a plaintiff has discovered or should have discovered the cause of her injury is ordinarily a question of fact. *See Siragusa,* 114 Nev. at 1400, 971 P.2d 801. However, when "uncontroverted evidence proves that the plaintiff discovered or should have discovered the facts giving rise to the claim," such a determination can be made as a matter of law. *Id.* at 1401, 971 P.2d 801; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 780 (9th Cir. 2002).

Judge Beesley's order denying summary judgment and certifying the order for appeal relies on reasons set forth by the court during oral argument on the motion, and does not contain further discussion. This court has examined the record and notes the following relevant findings made by the bankruptcy court at oral argument:

> I think I am not convinced that the signing of the contract particularly where the condos had not even been built, yet, and might not be built is the key day for determining the Statute of Limitations or the Statute of Repose. I think a more reasonable date as I read these things is the date delivery was taken. . .
>
> But I think that the complaint was filed within the applicable Statute of Limitations and Statute of Repose using the closing date or the date that the condos were finished and provided to her. I think that's at least an issue of fact.

The misrepresentations Parkton allegedly relied upon went primarily to the income and expenses associated with the units. It is not reasonable to expect her to recognize that fraudulent

James C. Mahan
U.S. District Judge

- 6 -

misrepresentations were, or may have been, made at the time she obtained the options to the units. This is especially true when at the time of execution the units had not been, and may never be, constructed at all.

A reasonable person would not have expected to begin receiving revenue from the rental pooling agreements, or began pay any expenses, until that person obtained legal ownership of the property. In other words, when the injury occurred was when Parkton became legally entitled to begin realizing the benefits and obligations associated with her purchase. It was at this time that a reasonable person would have recognized she was not receiving what she had bargained for and been alerted to the fraudulent representations. Thus, the bankruptcy court correctly held that the appropriate date for purposes of the statutes of limitation and repose was the day the transaction closed–June 12, 2008.

Palms Place's arguments regarding disclaimers and waivers contained within the options in reality go to the merits of the underlying claims. However, the court is not tasked with examining the merits, but is instead charged only with determining whether the claims are time barred. The court finds they are not, and a merits examination is for the bankruptcy court on remand.

**V.     Conclusion**

Upon review, the court finds that the bankruptcy court was correct in its determination that the applicable date for the start of the limitations period is June 12, 2008. The decision is affirmed and this matter is remanded for further proceedings.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the bankruptcy court's denial of summary judgment is AFFIRMED.

IT IS FURTHER ORDERED that Palms Place's motion for determination of confession of error (doc. # 9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Palms Place's motion for oral argument (doc. # 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this matter is remanded for further proceedings.

DATED February 4, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -